**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

Gordon S. Walker, Sr.,       :
             :
    Plaintiff,       :
             :
   v.            :
             :   C.A. No.
Donna Phelps,        :
             :
      Defendant.    :

**DEFENDANT DONNA PHELP'S PETITION TO THE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE FOR REMOVAL
FROM DELAWARE SUPERIOR COURT**

TO:  The United States District Court for the District of Delaware:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a),

Defendant Donna Phelps, by and through attorneys Charles M. Oberly, III, United States

Attorney for the District of Delaware, and Patricia C. Hannigan, Assistant United States

Attorney, respectfully files this Petition for Removal and in support of such removal states as

follows:

1.    On information and belief, on October 5, 2015, Plaintiff Gordon S. Walker, Sr.

filed a Complaint against Defendant Donna Phelps in the Superior Court of the State of

Delaware in and for New Castle County.  See Attachment 1.

2.    Essentially identical allegations were previously raised in a Complaint filed in

District Court for the District of Delaware on or about September 26, 2011.  See Attachment 2.

3.    In connection with the District Court matter, the United States Attorney for the

District of Delaware filed a certification that Defendant Donna Phelps was acting within the

scope of her employment as an employee of the United States at the time of the incident alleged in the District Court Complaint, which is essentially identical to the Complaint filed in Superior Court.  See attachment 3 (certification).

4.     This matter has been fully and finally litigated under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*, first in the District Court for the District of Delaware and then on appeal to the Third Circuit Court of Appeals.  See Attachment 4 (District Court opinion) and Attachment 5 (Third Circuit opinion).  Pursuant to 28 U.S.C. § 2676, the Circuit Court's judgment "constitute[s] a complete bar to any action by the [Plaintiff], by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim."

5.     In an effort to resolve this matter short of litigation, the undersigned contacted the office of Plaintiff's counsel by telephone on October 19, 2015, October 28, 2015 and November 12, 2015, with a request that the Superior Court Complaint be withdrawn.  No response has been received to date.

6.     Having failed to reach a stipulated resolution, a Notice of Removal has now been filed with the Delaware Superior Court pursuant to 28 U.S.C. § 1446(d),  advising that it lacks jurisdiction over the subject matter.  See Attachment 6.

WHEREFORE, respectfully, the above-captioned civil action is removed from the Superior Court of the State of Delaware in and for Kent County, to this Court.

Respectfully submitted,

CHARLES M. OBERLY, III
United States Attorney

BY:/s/ Patricia C. Hannigan
    Patricia C. Hannigan
    Assistant United States Attorneys
    Delaware Bar I.D. No. 2145
    The Nemours Building
    1007 Orange Street, Suite 700
    P.O. Box 2046
    Wilmington, Delaware 19899-2046
    Patricia.Hannigan@usdoj.gov
    (302) 573-6277

Dated:  November 20, 2015

# Attachment 1

EFiled: Oct 05 2015 01:48PM EDT
Transaction ID 57962567
Case No. K15C-10-005 JJC

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| GORDON S. WALKER, SR., | : | |
| | : | C.A. No.: |
| Plaintiff, | : | |
| | : | |
| v. | : | TRIAL BY JURY OF TWELVE |
| | : | DEMANDED |
| DONNA PHELPS, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

1.      Plaintiff, Gordon S. Walker, Sr. (hereinafter "Plaintiff"), is an adult individual and a citizen and resident of the State of Delaware residing at 363 E. Commerce Street, Smyrna, DE 19977.

2.      Defendant, Donna Phelps (hereinafter "Defendant"), is an adult individual and a citizen and resident of the State of Delaware residing at 108 Church Street, Frederica, DE 19946.

3.      On September 28, 2009 at approximately 3:00 p.m., Plaintiff was operating his motor vehicle (hereinafter "Plaintiff's vehicle"), traveling northbound on S. State Street at or near Roosevelt Avenue in Dover, Kent County, Delaware.

4.      On September 29, 2009 at approximately 3:00 p.m., Defendant was operating her motor vehicle (hereinafter "Defendant's vehicle"), traveling northbound on S. State Street at or near Roosevelt Avenue in Dover, Kent County, Delaware.

5.      On the aforesaid date and time and at the aforesaid location, as the Plaintiff was stopped at the aforesaid intersection obeying a red traffic signal, the Defendant caused the Defendant's vehicle to suddenly and without warning collide with the rear of the Plaintiff's vehicle.

6.      As a result of the aforedescribed incident and collision, Plaintiff sustained serious personal injuries as more particularly hereinafter set forth.

1

COUNT I

NEGLIGENCE

7.      Plaintiff incorporates herein by reference Paragraphs 1 through 6 of his Complaint as fully as though set forth at length.

8.      Defendant, Donna Phelps, was negligent in that she:

(a)     Operated her vehicle at a speed that was greater than was reasonable under the circumstances, in violation of 21 Del.C. §4168;

(b)     Operated her vehicle in a careless and imprudent manner and without regard for the road, weather and traffic conditions then existing, in violation of 21 Del.C. §4176(a);

(c)     Operated her vehicle without giving full time and attention to its operation and failed to maintain a proper lookout, in violation of 21 Del.C §4176(b);

(d)     In following too closely, in violation of 21 Del.C. §4123(a);

(e)     In failing to sound a horn or give other warning of the approach of the vehicle;

(f)     In failing to have the vehicle under proper control;

(g)     In failing to operate the brakes in such a manner so that the vehicle could be stopped in time to avoid a collision;

(h)     In failing to yield to other vehicles and the Plaintiff's vehicle that had the right of way;

(i)     In failing to observe the care and caution required under the circumstances;

(j)     In failing to drive around the Plaintiff's vehicle instead of colliding with it;

(k)     In otherwise being careless, reckless and negligent.

9.      That as a direct and proximate result of the aforesaid acts of negligence, Plaintiff was thrown around the interior of his vehicle, suffering severe injuries to his head, neck, back and right hip; persistent severe back pain requiring surgery; cervical, thoracic and lumbar sprain/strain; right hip contusion; lumbar degenerative disc disease; meralgia paresthestica; lumbar radiculopathy; lumbar joint facet syndrome; limitation of motion; sleeplessness and anxiety; permanent scarring from lumbar surgery; and in addition, suffered extreme emotional

stress and strain as a result of said injuries. Some or all of the physical and emotional injuries to Plaintiff are permanent in nature.

10.  That as a direct and proximate result of the aforesaid acts of negligence of the Defendant, Plaintiff has incurred and will incur significant medical expenses as a result of the injuries received.

11.  As a direct and proximate result of the aforesaid negligence, carelessness and recklessness of Defendant, Plaintiff was caused to undergo great mental pain and suffering, including great embarrassment and humiliation, and may in the future undergo pain and suffering.

12.  As a direct and proximate result of the aforesaid negligence, carelessness and recklessness of Defendant, Plaintiff was prevented from pursuing his normal duties, activities, occupations and hobbies, all of which may continue in the future for an indefinite period of time, to his great detriment and loss.

13.  As a direct and proximate result of the aforesaid negligence, carelessness and recklessness of Defendant, Plaintiff has sustained a diminution of his ability to enjoy life and life's pleasures.

14.  As a direct and proximate result of the aforesaid negligence, carelessness and recklessness of Defendant, Plaintiff was caused to incur various expenses for medicines, medical equipment, treatment, medical care and related services in and about endeavoring to seek a cure from the aforesaid injuries, some or all of which may continue in to the future for an indefinite period of time to his great detriment and loss.

15.  That as a direct and proximate result of the aforesaid acts of negligence of the Defendant, Plaintiff has suffered a substantial loss of earnings and a loss of earning capacity.

WHEREFORE, Plaintiff, Gordon S. Walker, Sr., demands judgment against Defendant, Donna Phelphs, in an amount which the trier of facts determines to be appropriate and just.

/s/ Joseph M. Jachetti
Joseph M. Jachetti, Esquire  ID#3744
David A. Denham, Esquire  ID#4240
Schuster Jachetti, LLP
3407 Lancaster Pike, Suite A
Wilmington, DE  19805-5543

3

(302) 984-1000
Attorneys for Plaintiff

Date:  10/5/15

# Attachment 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GORDON S. WALKER, SR.,      :    C.A. NO.:

                     :

        Plaintiff,      :

                     :

     v.             :

                     :    TRIAL DEMANDED

DONNA L. PHELPS and     :

UNITED STATES OF AMERICA,   :

                     :

        Defendants.    :

## COMPLAINT

The Plaintiff, Gordon S. Walker, Jr. ("Plaintiff"), by and through his undersigned counsel, hereby complaint against Donna L. Phelps and the United States of America ("Defendants"), and states:

## JURISDICTION & VENUE

1.   This Court has jurisdiction over this proceeding in regard to defendant United States of America pursuant to 28 USC Section 1346(b)(1).

2.   This Court has jurisdiction over Defendant Donna S. Phelps pursuant to 28 USC Section 1367 and 28 USC Section 1346(b)(1).

3.   The Plaintiff has complied with the jurisdictional requirements of 23 USC Section 2675 in that timely demand was made and the United States of America and the Plaintiff have failed to meet a resolution of the claims.

4.   Venue is proper in this Court pursuant to 28 USC Section 1402.

## PARTIES

5.   Plaintiff is a resident of the State of Delaware.

6.     Defendant Donna L. Phelps is an individual who is and was at all times relevant an employee of the United States Postal Service ("USPS").

7.     Defendant, United States of America ("USA") is the proper party defendant on behalf of the USPS.

## BACKGROUND

8.     On September 28, 2009 at approximately 2:00 p.m., Plaintiff Gordon S. Walker, Sr. was operating a vehicle on S. State Street at or near the intersection of S. State Street, Roosevelt Avenue and Wyoming Avenue in Dover, Kent County, Delaware.

9.     At the aforementioned place and time, Defendant Donna L. Phelps, while in the scope and course of her employment with USPS, negligently operated her vehicle and proximately caused serious bodily harm and personal injuries, conscious pain and suffering and emotional distress to Plaintiff by rear-ending the Plaintiff's vehicle.

10.     At all pertinent times and at the time of the aforesaid incident Defendant Donna L. Phelps was acting as the agent, servant or employee of Defendant USA. As such, Defendant USA is vicariously liable for the acts of Donna L. Phelps under the principles of agency and doctrines of Respondeat Superior. Plaintiff demands that any denial of agency be accompanied by an Affidavit as required under 10 Del.C. Section 3916 or its corresponding federal code section.

## COUNT I

11.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 10 of this Complaint as if they were set forth at length herein.

12.     The aforesaid collision was proximately caused by the negligence of Donna L. Phelps in that she:

     a.   Failed to give full time and attention to the operation of her vehicle, in violation of 21 Del.C. Section 4176(a);

     b.   Operated her vehicle in a careless and imprudent manner with due regard to road and traffic conditions then existing in violation of 21 Del.C. Section 4176(a);

2

    c.  Failed to maintain proper control of the vehicle; and

    d.  Was otherwise negligent as the discovery process will reveal.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants for general and special damages, plus costs and such other relief which the trier of fact finds appropriate.

Joseph M. Jachetti, Esquire  ID#3744
Michael A. Pedicone, Esquire ID #2424
Schuster Jachetti, LLP
712 N. West Street
Wilmington, DE  19801-1524
(302) 984-1000
Attorneys for Plaintiff

# Attachment 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GORDON S. WALKER, SR.,                    :
                                          :
       Plaintiff,                    :
                                          :
                                          :
    v.                                :    Civil Action No. 11-866-GMS
                                          :
DONNA L. PHELPS and                       :
UNITED STATES OF AMERICA,                 :
          Defendants.             :

## CERTIFICATION

I, Charles M. Oberly, III, United States Attorney for the District of Delaware, hereby

certify, pursuant to 28 U.S.C. Section 2679(d)(1), that I have read the Complaint in this action

and, on the basis of information now available with respect to the allegations therein, I find that

the individually named Defendant, Donna L. Phelps, was acting within the scope of her

employment as an employee of the United States at the time of the incidents alleged in the

Complaint.

                Respectfully submitted,

                *Charles M. Oberly III*

                CHARLES M. OBERLY, III
                United States Attorney
                1007 Orange Street, Suite 700
                P.O. Box 2046
                Wilmington, DE 19899-2046
                (302) 573-6277

Dated: January 13th, 2012

# Attachment 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| GORDON S. WALKER, SR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 11-866-GMS-CJB |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) ) | |

## <u>MEMORANDUM</u>

### I.   INTRODUCTION

On September 26, 2011, the plaintiff filed a negligence suit against the defendant United States of America (the "Government") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* (D.I. 1.) On June 27, 2013, the Government filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1). (D.I. 43.) The Government argues that the court lacks subject matter jurisdiction because the plaintiff filed the suit prematurely and failed to exhaust his administrative remedies by not allowing the government agency six months to consider his claim as required by the FTCA. (D.I. 44.) Pending before the court are Magistrate Judge Burke's Report and Recommendation, (the "R and R"), dated October 31, 2013 (D.I. 48), the plaintiff's Objections to Report and Recommendation (D.I. 49), and the Government's Response to the plaintiff's Objections (D.I. 50). For the reasons discussed, the court will overrule the plaintiff's objections, and adopt the R and R, which recommends that the court: (1) grant the Government's motion to dismiss for lack of subject matter jurisdiction; and (2) dismiss the plaintiff's Complaint with prejudice.

## II.    BACKGROUND[1]

On September 28, 2009, a car driven by Donna Phelps ("Phelps") rear-ended a car driven by the plaintiff. (D.I. 48 at 1.)  At the time of the incident, Phelps was an employee of the United States Postal Service ("USPS").  (*Id.*)  On February 3, 2010, Phelps's insurance carrier denied coverage for the plaintiff's claim, noting that at the time of the loss, Phelps was working for the USPS. (*Id.* at 1-2.)

On February 26, 2010, the plaintiff's counsel sent a letter to the USPS that included a copy of the police report regarding the accident and the letter from Phelps's insurance carrier denying coverage, but the letter did not include a demand for money damages.  (*Id.* at 2.)  The USPS replied in a letter dated March 5, 2010, and advised the plaintiff to present a claim on a Standard Form 95 ("SF95") within two years of the incident.  The USPS letter enclosed a copy of the SF95, as well as instructions that the form must be filled out completely and submitted with supporting documentation before it would constitute a valid claim. (*Id.*)

On April 6, 2011, the plaintiff's counsel directed a letter to the USPS that alleged facts regarding the incident, provided details regarding the plaintiff's medical condition, and demanded $125,000 for injuries sustained in the accident.  The letter, along with an incomplete SF95 form regarding the accident, was marked as received by the USPS on April 26, 2011. (*Id.*) That same day, the USPS sent the plaintiff a letter indicating that his last correspondence could not be accepted as a valid claim; specified the particular boxes that had been left blank on the incomplete SF95; and enclosed a new SF95 along with instructions that the form should be completed and resubmitted before the USPS could take any action to dispose of the claim. (*Id.* at

---

[1] The court adopts Magistrate Judge Burke's factual and procedural background in its entirety. (D.I. 48 at 1-4.)  For convenience and clarity, however, the court highlights pertinent dates in its memorandum.

3.)

On May 16, 2011, the USPS received the plaintiff's fully completed SF95. (*Id.*) On May

19, 2011, the USPS mailed the plaintiff a letter that acknowledged April 26, 2011 as the date of

the plaintiff's claim, and informed the plaintiff that "by Statute, the Postal Service has six

months from April 26, 2011 in which to adjudicate your claim." (*Id.* quoting D.I. 44, Ex. 7.)

On September 26, 2011, the plaintiff filed his Complaint in the instant case against both

Phelps and the Government. (D.I. 1.)  Less than a month later, on October 20, 2011, the USPS

denied the plaintiff's administrative claim on the grounds that Phelps was not acting within the

scope of her employment at the time of the incident. (D.I. 48 at 4.)  In that letter, the USPS

indicated that any lawsuit filed in regards to the denial must be filed within six months of

October 20, 2011. (*Id.*) On January 13, 2012, the Government filed an Answer in the instant

action that acknowledged Phelps was operating a vehicle within the scope of her employment,

and also prepared a stipulation (later granted) to remove Phelps as a defendant. (D.I. 7, 9, 10.)

On June 27, 2013, the Government filed the instant motion to dismiss.[2] (D.I. 43.)

## III.   STANDARD OF REVIEW

The court conducts a *de novo* review when determining whether to adopt a magistrate

judge's decision on a dispositive matter.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3).

Upon review, the court may accept, reject, or modify the magistrate judge's recommendations.

---

[2] The Government argues that the court does not have subject matter jurisdiction because the plaintiff failed to exhaust his administrative remedies and filed his September 26, 2011 Complaint prematurely.  The Government's argument rests on the presumption that the plaintiff presented a valid claim on April 26, 2011 -- thereby giving the USPS until October 26, 2011 (six months from the date of filing) to dispose of the claim before the plaintiff could bring suit under the FTCA. (D.I. 44 at 2; D.I. 47 at 1.) Additionally, the Government contends that the plaintiff's Complaint must be dismissed with prejudice because he did not cure the jurisdictional defect by refiling his complaint by April 20, 2012 -- six months after the USPS's October 20, 2011 denial of his administrative claim. (D.I. 47 at 3.)

3

Fed. R. Civ. P. 72(b)(3). The court may also choose to receive further evidence or to return the matter to the magistrate judge with instructions. *Id.*

## IV.    DISCUSSION

The plaintiff presents six objections to Magistrate Judge Burke's R and R. The court will address the objections in turn.

The plaintiff challenges the magistrate judge's legal conclusion that "April 26, 2011 is the earliest date that the plaintiff's claim could have been deemed to be 'presented.'" (D.I. 48 at 12.) The plaintiff does not challenge the magistrate judge's fact-finding that the February 26, 2010 written communication with the USPS did not reflect a claim for "sum certain" damages. Rather, he argues that the magistrate judge erred by not presenting a legal explanation as to why the April 25, 2011 and May 13, 2011 amendments do not "relate back" to the February 26, 2010 submission. (D.I. 49 at 3.) The plaintiff contends that the April and May 2011 amendments cured his improperly presented February 2010 claim because the amendments occurred within the time limitations of 28 C.F.R § 14.2(c) -- "any time prior to final agency action or prior to the exercise of the claimant's [deemed denial] option under 28 U.S.C. 2675(a)." (*Id.* at 4 (quoting 28 C.F.R § 14.2(c) (alteration in original)).) The court disagrees.[3]

The plaintiff tactically omits pertinent language from section 14.2(c), which states: "[a] *claim presented in compliance with paragraph (a) of this section* may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. § 2675(a)." 28 C.F.R § 14.2(c). The magistrate judge correctly determined that "in order to be a valid claim, [under section 14.2(a),] a claim must include at the minimum:

---

[3] The court notes that the plaintiff's own submissions undermine his argument that February 26, 2010 should be the date of his claim. His May 13, 2011 alleged "amendment" included a fully completed SF95 signed by the plaintiff that listed his "Date of Claim" as April 25, 2011. (*See* D.I. 44, Ex. 6.)

(1) an executed SF95 or other written notification of the incident; (2) a claim for a sum certain of money damages for injury alleged to have resulted from the incident; and (3) if the claim is filed on behalf of the claimant, evidence of authority to represent a claim on behalf of the claimant."[4] (D.I. 48 at 9 (citing *Obeng v. Del. State Police,* No. 04-1248-GMS, 2005 WL 1592951, at *2 (D. Del. Jul. 7, 2005)).)  As noted above, the plaintiff does not dispute that the February 26, 2010 written communication lacked a claim for a sum certain of money damages.  (D.I. 49 at 3.)  As such, the February 26, 2010 written communication was not "presented in compliance with [section 14.2(a)] . . . ."  28 C.F.R § 14.2(c).  Therefore, the court concludes that the plain language of section 14.2(c) precludes the April and May 2011 submissions from being "amendments" to the plaintiff's noncompliant February 26, 2010 written communication.

Similarly, the court finds that three of the plaintiff's remaining objections regarding the Government's waiver of a jurisdiction defense, whether the USPS's October 20, 2011 letter was a valid denial under section 2401(b), and the applicability of FTCA's savings clause[5] lack sufficient merit to warrant an extensive discussion.  (D.I. 49 at 7-9.)  The magistrate judge correctly determined that the FTCA's "requirement of a final denial and exhaustion of

---

[4] Section 14.2(a) states that "a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or *other written notification* of an incident, *accompanied by a claim for money damages in a sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative." 28 C.P.R.§ 14.2(a) (emphasis added).

[5] Under 28 U.S.C. § 2679(d)(5), if a federal employee is improperly sued, and the United States is substituted as the proper party defendant under the FTCA, *and then* the plaintiff files an administrative claim with a Federal agency, that claim can be deemed timely presented under some circumstances. Specifically, if the claim would have been timely on the date the Complaint against the individual employee was filed in court, and "if the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action," the claim will be deemed timely filed under the FTCA.

administrative remedies is an unambiguous jurisdictional requirement that cannot be waived."[6]

(D.I. 48 at 8.) Likewise, the magistrate judge properly rejected the plaintiff's argument

regarding the USPS's October 20, 2011 letter. (*Id.* at 21 n.12.) That letter unequivocally states

that "the [plaintiff's] claim is denied" and "[i]n accordance with 28 U.S.C. § 2401(b) . . ., if

dissatisfied with the [USPS's] final denial of an administrative claim, a claimant may file suit in

a United States District Court no later than six (6) months . . . from the date of the mailing of this

letter, which is the [October 20, 2011] date shown above." (D.I. 44, Ex. 8.) Finally, the FTCA's

savings clause, which only applies where the United States is *substituted* as the party defendant,

has no relevance to the instant matter because the United States was an original defendant in the

case and remains a defendant. *See* 28 U.S.C. § 2679(d)(5); (D.I. 1; D.I. 48 at 22 n.14).

In addition, the plaintiff objects to the magistrate judge's determination that there is no

basis in the record to support the invocation of equitable tolling. Specifically, the plaintiff

argues, without citing to any authority, that the USPS has "a duty to investigate [that] arises upon

receipt of any report of [an] accident involving a USPS employee," and that it failed to

investigate his claim in February 2010. (D.I. 49 at 5.) Additionally, the plaintiff reasserts his

argument that the USPS's May 19, 2011 letter -- "indicating an impending denial of [the]

[p]laintiff's administrative claim for lack of liability" -- was affirmative and intentional conduct

that led him to prematurely file the FTCA lawsuit. (*Id* at 6.) In essence, the plaintiff contends

that had liability been established, he would not have filed the lawsuit in federal court against

---

[6] The Supreme Court has found that premature FTCA suits impose a burden on the judicial
system and that "[t]he most natural reading of the [FTCA] indicates that Congress intended to require
complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil United
States,* 508 U.S. 106, 112 (1993). Similarly, the Third Circuit has held that the FTCA's final denial
requirement, which precludes suit against the United States unless the claim is first be presented to the
relevant federal agency and subsequently denied, "is jurisdictional and cannot be waived." *Lightfoot
United States,* 564 F.3d 625, 626-27 (3d Cir. 2009) (citation omitted).

Phelps and the Government on September 26, 2011, two days before the expiration of Delaware's two-year statute of limitations applicable to tort claims. (*Id.*) Alternatively, the plaintiff asserts that the Government's conduct after January 13, 2012 is relevant in determining whether equitable tolling of section 2401(b)'s six month statute of limitations is appropriate. (*Id.*) The plaintiff contends that if the Government had raised the jurisdictional challenge earlier, he would have re-filed the complaint before April 20, 2012 (the six-month deadline to appeal the USPS's October 20, 2011 final denial letter). (D.I 46 at 7-8.)

The court finds that the magistrate judge correctly determined that the extraordinary remedy of equitable tolling is inappropriate because the "record . . . does not indicate that the Government . . . made affirmative misrepresentations with the deliberate intent to induce or trick [the] [p]laintiff into failing to protect his federal rights." (D.I. 48 at 17.) The record clearly reflects that the USPS informed the plaintiff on March 5, 2010, that he had to submit a completed SF95 form with supporting documentation before his paperwork would constitute a valid claim. (*See* D.I. 46, Ex. 5.) Further, the plaintiff mischaracterizes the May 19, 2011 letter, which simply stated that the USPS was "currently in the process of reviewing th[e] claim in order to make the determination as to any legal liability on the part of the [USPS]." (*Id.*, Ex. 9.) Finally, the Government's failure to raise the jurisdiction issue earlier in the litigation is not an active misrepresentation because the record does not suggest that the Government intentionally delayed in raising the issue in order to prejudice the plaintiff. (D.I. 48 at 22.)

In the plaintiff's final objection, he argues that prejudicial dismissal is inappropriate under the circumstances. The plaintiff's argument, however, is based on objections that the court considered and rejected above. In addition, the plaintiff contends that the recommendation to

7

grant the motion to dismiss with prejudice was made "without reference to any legal support or factual reasoning." (D.I. 49 at 9-10.) The court disagrees. Magistrate Judge Burke's ultimate conclusion is supported by the record and Third Circuit precedent:

> In the end, this is a case where the [p]laintiff filed suit a few weeks prematurely, depriving the [c]ourt of subject matter jurisdiction over the claim. It is true that, had the [p]laintiff waited just a short period more, and then filed suit (or later timely re-filed suit), a different result may have come about. But nothing in the record suggests that this failure to exhaust administrative remedies came, as the [p]laintiff alleges, in response to active, deliberate misconduct by the Gove rnment. As in *Hedges,* here there is no evidence that the Government "induce[d] or trick[ed] [the plaintiff] into foregoing his judicial remedies by making any affirmative misrepresentations regarding the proper avenues to pursue his claim." [*Hedges v. United States,* 404 F.3d 744, 752 (3d Cir. 2005)] Under these circumstances, the burden of the failure to follow the FTCA's administrative procedures must fall on the [p]laintiff.
>
> While dismissal may appear to be a harsh result, the Third Circuit has made it clear that procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of sympathy for particular litigants. *Id.* at 753. To that end, the Supreme Court has explained that "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *McNeil,* 508 U.S. at 113 (internal quotation marks and citation omitted).

(D.I. 48 at 22-23.)

## V.   CONCLUSION

After reviewing the record in this case, the October 31, 2013 R and R, the parties' submissions, and the applicable law, the court finds that the magistrate judge committed no factual or legal error in reaching his conclusions.

Dated: June 25, 2014

CHIEF, UNITED STATES DISTRICT JUDGE

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GORDON S. WALKER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-866-GMS-CJB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

At Wilmington, this **25**ᵗʰ day of June, 2014,

IT IS HEREBY ORDERED THAT:

1.  The plaintiff's Objections to the Report and Recommendation (D.I. 49), is OVERRULED;

2.  The Report and Recommendation, dated October 31, 2011 (D.I. 48), is ADOPTED;

3.  The defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) (D.I. 43), is GRANTED;

4.  The plaintiff's Complaint (D.I. 1), is DISMISSED with prejudice; and

5.  The plaintiff's Motion to Amend Federal Tort Claim[7] (D.I. 28), is DISMISSED as moot.

CHIEF, UNITED STATES DISTRICT JUDGE

---

[7] The plaintiff's motion seeks to amend the amount of damages in his Federal tort claim.

# Attachment 5

OFFICE OF THE CLERK

**MARCIA M. WALDRON**

**CLERK**

**UNITED STATES COURT OF APPEALS**
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA  19106-1790
Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995



August 3, 2015

John A. Cerino, Clerk
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

RE: Gordon Walker, Sr. v. USA
Case Number: 14-3300
District Case Number: 1-11-cv-00866

Dear Mr. Cerino:

Enclosed herewith is the certified judgment together with copy of the opinion in the above-captioned case(s). The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

Counsel are advised of the issuance of the mandate by copy of this letter. The certified judgment is also enclosed showing costs taxed, if any.

Very truly yours,

*Marcia M. Waldron*

Marcia M. Waldron,
Clerk

By: Pamela/pdb
Case Manager
267-299-4943

cc: Patricia C. Hannigan, Esq.
     Joseph M. Jachetti, Esq.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3300
_____

GORDON S. WALKER, SR.,
Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the District of Delaware
(District Court No.:  1-11-cv-00866)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted under Third Circuit LAR 34.1(a)
On June 1, 2015

(Opinion filed: June 10, 2015)

Before:  RENDELL, HARDIMAN, and VANASKIE, <u>Circuit Judges</u>

_____

O P I N I O N[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**RENDELL**, <u>Circuit Judge</u>:

The District Court dismissed this Federal Tort Claims Act ("FTCA") suit for lack of subject matter jurisdiction because Appellant Gordon Walker failed to exhaust his administrative remedies.  We will affirm.

## I. Background

Walker suffered injuries in an automobile accident on September 28, 2009, when Donna Phelps, a United States Postal Service ("USPS") employee, rear-ended him. Phelps' insurance carrier denied coverage for Walker's claim because it concluded that Phelps had been working for the USPS when the accident occurred.  On February 26, 2010, Walker sent the USPS a letter including a copy of the police report and the letter from Phelps' insurance carrier denying coverage, but he did not include in the letter a demand for money damages.  The USPS replied on March 5, 2010, advising Walker to present a claim on a Standard Form 95 ("SF95") within two years of the incident, and included a copy of the SF95 and instructions that the SF95 "must be filled out completely . . . before this paperwork will constitute a valid claim." (App. 53.)  Over one year later, Walker sent the USPS a letter and an SF95 describing the incident and demanding $125,000 for his injuries.  The USPS received these documents on April 26, 2011. Walker had left certain boxes on the SF95 blank and submitted further information to complete the form on May 13, 2011.  The USPS considered April 26, 2011 to be the date on which it received Walker's claim, as it sent Walker a letter on May 19, 2011 informing him that "[w]e are currently in the process of reviewing this claim . . . . be

2

aware that by Statute, the Postal Service has six months from April 26, 2011 in which to adjudicate your claim." (App. 66.)

Less than six months later, on September 26, 2011, Walker filed this lawsuit against the United States under the FTCA. The USPS denied his administrative claim on October 20, 2011. The United States filed a motion to dismiss this lawsuit for lack of subject matter jurisdiction because Walker filed suit without allowing the USPS six months to adjudicate his claim. Magistrate Judge Christopher J. Burke issued a Report and Recommendation recommending that the motion to dismiss be granted. Walker filed objections to the Report and Recommendation, but the District Court adopted it. Walker now appeals the dismissal of his suit.

## II. Analysis[1]

"The FTCA operates as a limited waiver of the United States's sovereign immunity," *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010), and its procedures must be "strictly construed," *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). It mandates that "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a). Final denial occurs either when the agency denies a claim in

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review a district court's decision granting a motion to dismiss under a plenary standard." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009).

3

writing or when it fails to issue a decision within six months: "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial . . . ." *Id.*

Since it is clear that Walker filed suit before the USPS issued a final decision, the only issue is whether he allowed six months to pass after filing his administrative claim before filing suit. If his administrative claim was filed on April 26, 2011, then he did not wait six months and, thus, did not exhaust his administrative remedies. Walker argues that February 26, 2010 should be considered the date on which he filed his administrative claim. This argument lacks merit because his February 26, 2010 letter did not include a monetary demand, which is a necessary element of presenting a claim. *See White-Squire*, 592 F.3d at 460 (holding that "the administrative presentment requirement" includes "a demand for a sum certain"); 28 C.F.R. § 14.2(a) ("[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain . . . ."). Walker therefore presented his claim on April 26, 2011, when he first gave the USPS a demand for a sum certain. Less than six months passed between April 26, 2011, the date of his administrative claim, and September 26, 2011, the date he filed suit. Walker filed suit before he exhausted his administrative remedies, and the District Court properly dismissed this suit for lack of subject matter jurisdiction under the FTCA.

Walker also urges that, even if April 26, 2011 is the date that he presented his claim, he should be entitled to equitable tolling. This argument lacks merit. First,

4

equitable tolling is a doctrine that traditionally applies when a plaintiff files his claim too late, not too early. *See Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) ("Equitable tolling, if available, can rescue a claim otherwise barred as untimely by a statute of limitations . . . ."). Walker cites no support for his argument that equitable tolling can excuse his failure to exhaust administrative remedies. Moreover, even if equitable tolling were permissible when a claimant fails to exhaust administrative remedies, it would not apply here. Equitable tolling is applicable "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Id.* at 197 (quoting *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005)). Walker has not adduced any evidence to support any of these grounds for invoking equitable tolling.

### III. Conclusion

Accordingly, we will affirm.

5

**ORDERED and ADJUDGED** by this court that the Judgment of the District

Court entered on June 25, 2014, be and the same, is hereby **AFFIRMED**.

Costs taxed against the Appellant.

All of the above in accordance with the Opinion of this Court.

ATTEST:

s/Marcia M. Waldron
Clerk

Dated: June 10, 2015

Certified as a true copy and issued in lieu
of a formal mandate on  August 3, 2015

Teste: *Marcia M. Waldron*
**Clerk, U.S. Court of Appeals for the Third Circuit**

2

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 14-3300

———————————

GORDON S. WALKER, SR.,

Appellant

v.

UNITED STATES OF AMERICA

————————————————

On Appeal from the United States District Court
for the District of Delaware
(District Court No.: 1-11-cv-00866)
District Judge: Honorable Gregory M. Sleet

————————————————

Submitted under Third Circuit LAR 34.1(a)
On June 1, 2015

Before: RENDELL, HARDIMAN, and VANASKIE, <u>Circuit Judges</u>

**<u>JUDGMENT</u>**

This case came on to be heard on the record from the United States District Court

for the District of Delaware and was submitted under Third Circuit LAR 34.1(a) on June

1, 2015.

On consideration whereof, it is now here

# Attachment 6

## IN THE SUPERIOR COURT OF THE STATE OF
## DELAWARE IN AND FOR KENT COUNTY

Gordon S. Walker, Sr.,                    :
                                          :
                 Plaintiff,               :
                                          :
        v.                                :
                                          :       C.A. No. K15C-10-005
Donna Phelps,                             :
                                          :
                 Defendant.               :

### NOTICE TO SUPERIOR COURT OF REMOVAL TO DISTRICT COURT

Please take notice that Donna Phelps, Defendant in the above-titled action, by and

through the undersigned counsel, Patricia C. Hannigan, Assistant United States Attorney for the

District of Delaware, filed in the office of the Clerk of the United States District Court for the

District of Delaware at Wilmington, Delaware, a Petition for Removal and a copy of this Notice

of Removal of the above-titled action to the said United States District Court.  A copy of the

Petition for Removal is attached hereto which filing effects the Removal.

Accordingly, pursuant to 28 U.S.C. §§ 1442(a) and §1446(d), the above-titled action may

proceed no further in state court unless and until the case is remanded.

Respectfully submitted,

CHARLES M. OBERLY, III
United States Attorney

BY:/s/ Patricia C. Hannigan
    Patricia C. Hannigan
    Assistant United States Attorneys
    Delaware Bar I.D. No. 2145
    The Nemours Building
    1007 Orange Street, Suite 700
    Wilmington, Delaware 19899-2046
    Patricia.Hannigan@usdoj.gov

Dated: November 20, 2015

## IN THE SUPERIOR COURT OF THE STATE OF
## DELAWARE IN AND FOR KENT COUNTY

Gordon S. Walker, Sr.,         :
                                     :

        Plaintiff,          :

                                       :

      v.                 :

                                     :    C.A. No. K15C-10-005

Donna Phelps,             :

                                     :

         Defendant.      :

### CERTIFICATE OF SERVICE

I, Marissa Ballasy, hereby certify that on November 20, 2015 a true copy of NOTICE TO

SUPERIOR COURT OF REMOVAL TO DISTRICT COURT was served on the Plaintiff via

First Class Mail:

      Joseph M. Jachetti, Esq.
      SCHUSTER JACHETTI, LLP
      3407 LANCASTER PIKE
      SUITE A
      WILMINGTON DE 19805

                                  /s/Marissa Ballasy
                                  Marissa Ballasy